IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE,<br><br>    Plaintiff,<br><br>  v.<br><br>ARMIE CUA CRUZ, ET AL.,<br><br>    Defendants. | No. C 12-01902 CRB<br><br>**ORDER REMANDING CASE** |

Defendant Armie Cruz removed this case from state court on April 17, 2012. See dkt. 1. The case was reassigned on June 21, 2012. See dkt. 11. The Court notes that a Motion to Remand is already on file. See dkt. 6. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and GRANTS the Motion to Remand.

Upon review of the state court complaint attached to the Notice of Removal, it is apparent to the Court that it does not have jurisdiction over the matter. The state court action at issue is an unlawful detainer action, which was filed on December 18, 2009. Dkt. 1. The removal statutes are strictly construed against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal statute states that:

> (1) The Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

>(2) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Failure to comply with the thirty-day time limitation renders the removal procedurally defective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The statutory time limit for removal petitions is mandatory. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). The time limits cannot be extended by continuance or stipulation. Lewis v. City of Fresno, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders"). In general, the courts appear to disregard the untimeliness of a filing only in cases of waiver or estoppel. See, e.g., Meadows v. Bicrodyne Corp., 559 F. Supp. 57, 57 (N.D. Cal. 1983); Exhumation of Lewis, 999 F. Supp. 1066, 1072 (M.D. Tenn. 1988). Neither is present here.

This case is hereby REMANDED to the Superior Court of the State of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated: July 2, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2012\1902\Order Remanding Case.wpd          2